UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TERRANCE HAZEL, | Case No. 3:20-cv-00428-LRH-CLB |
| Petitioner, | ORDER |
| v. | |
| RUSSEL, et al., | |
| Respondents. | |

On August 19, 2020, this court dismissed Terrance Hazel's *pro se* habeas corpus petition for failure to state a claim for which habeas corpus relief may be granted (ECF No. 3). Judgment was entered (ECF No. 4). Almost three months after this case was closed, Hazel has filed a motion for reconsideration and what he has styled as an emergency motion for a virtual hearing (ECF Nos. 5, 6). As discussed below, the motions are denied.

Rule 60(b) entitles the moving party to relief from judgment on several grounds, including the catch-all category "any other reason justifying relief from the operation of the judgment." Fed.R.Civ.P. 60(b)(6).  A motion under subsections (b)(4-6) must be brought "within a reasonable time." Fed.R.Civ.P. 60(c)(1).  Relief under subsection (b)(6) requires a showing of "extraordinary circumstances." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005).

Inmates in state custody pursuant to a state-court judgment who challenge their judgment of conviction or sentence on federal constitutional grounds may pursue a 28

U.S.C. § 2254 petition for writ of federal habeas corpus. Further, "relief is available to a prisoner under the federal habeas statute only if success on the claim would 'necessarily spell speedier release' from custody." *Nettles v. Grounds*, 788 F.3d 992, 1001 (9th Cir. 2015); 28 U.S.C. § 2254.

In his petition, Hazel claims that Northern Nevada Correctional Center personnel are not complying with COVID-19 pandemic safety protocols in deliberate indifference to serious medical and safety needs (ECF No. 1, pp. 3-4). As the court stated in its order dismissing the petition, such a claim implicates petitioner's Eighth Amendment rights under 28 U.S.C. § 1983, not habeas corpus. He also seeks to assert a claim under the Americans with Disabilities Act. *Id.* at 7-8.

In his motion for reconsideration Hazel urges—correctly—that rates of COVID-19 infection in Nevada prisons and jails continue to rise precipitously.[1] He argues that he is particularly vulnerable to falling seriously ill if he contracts COVID-19 due to his age, race, and mental and physical disabilities. Without question it is critical that NDOC institutions comply with their stated COVID-19 safety protocols. However, as this court has stated in other cases, in this district, Hazel must file a civil rights complaint if he wishes to pursue these claims.[2]

Hazel has not presented a basis for the court to grant Rule 60(b) relief. Accordingly, the motion for reconsideration is denied.

**IT IS THEREFORE ORDERED** that petitioner's motion for reconsideration (ECF No. 5) and emergency motion for virtual hearing (ECF No. 6) are both **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is denied.

**IT IS FURTHER ORDERED** that the Clerk send to petitioner one copy each of the prisoner application to proceed *in forma pauperis* and 42 U.S.C. § 1983 complaint form and instructions, along with the papers he filed in this action.

---

[1] *See, e.g.*, https://thenevadaindependent.com/article/with-nevada-prison-covid-19-cases-quadrupling-in-two-weeks-families-call-for-early-releases.

[2] *See, e.g., Carranza et al. v. Koehn*, 2:20-cv-01586 (ECF No. 24). If the situation warrants, Hazel can file an emergency motion for relief in a § 1983 civil rights action.

**IT IS FURTHER ORDERED** that the Clerk resend to petitioner one copy of this court's order dated August 19, 2020 at ECF No. 3.

DATED this 9th day of December, 2020.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE